# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNER OSBALDO HERNANDEZ, | 1:10cv0528 OWW DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| HOMEQ SERVICING, | |
| Defendant. | |

Plaintiff Anner Osbaldo Hernandez ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 25, 2010. He named HomEq Servicing as Defendant.

On April 2, 2010, the Court dismissed the complaint and granted Plaintiff leave to file an amended complaint within thirty (30) days. On May 5, 2010, Plaintiff filed a First Amended Complaint.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1

from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

In the First Amended Complaint, Plaintiff has added an additional defendant, Wells Fargo Bank. He also identified the property at issue based on an apparent description from Stanislaus County records. With the exception of these two additions, Plaintiff's original complaint and the First Amended Complaint are identical.

1.      TILA

TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." Talley v. Deutsche Bank Trust Co., 2008 WL 4606302, at *2 (D.N.J. Oct.15, 2008). Plaintiff's amended complaint is devoid of facts demonstrating that he has standing to bring a TILA claim as a borrower under any loan.  As with his original complaint, Plaintiff's amended complaint is devoid of the barest factual allegations, including: (1) the type of loan at issue; (2) the identification of the borrower(s); and (3) the identification of the lender.

Moreover, Plaintiff's amended complaint lacks the date of loan consummation or the dates of any other relevant events to determine whether his TILA claim for damages or for recission is timely.  15 U.S.C. § 1640(e) (damages claims must be brought "within one year from the date of the occurrence of the violation"); 15 U.S.C. § 1635(f) (rescission claims "shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first"); 12 C.F.R. § 226.23.

In addition, the type of loan at issue may affect Plaintiff's ability to seek rescission.  See 15 U.S.C. § 1635(e); Coward v. First Magnus Financial Corp., 2009 WL 3367398, *6 (D.Nev. Oct. 14, 2009) ("the right to rescind under TILA exists only if the Property was not itself the security for the loan obtained to purchase the Property").

Plaintiff will be given a final opportunity to amend to comply with the requirements Rule 8 and to allege sufficient factual matter to state a claim for relief that is plausible on its face.

2.      Original Note Possession

Plaintiff again appears to challenge the proposed foreclosure of a home by a lender. Plaintiff's challenge to the foreclosure is based on the premise that the "home owner" is "unsure as to whether the lender still posses [sic] the original debt instrument" and he wants proof of such authority.  First Amended Complaint, p. 3.  As with the original complaint, Plaintiff has not identified the home owner, the lender, or any other relevant factual allegations.  Plaintiff will be given a final opportunity to amend his complaint to state sufficient factual matter to comply with Rule 8.

In amending his complaint, the Court reminds Plaintiff of certain legal standards regarding non-judicial foreclosure.  If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237, 286 P. 693 (1930).  Under the relevant statutory framework, no party needs to physically possess the promissory note.  Labes v. Ocwen Loan Servicing, LLC, 2009 WL 3748291, *6 (E.D.Cal. Nov. 5, 2009); Sicairos v. NDEX West, LLC, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ. Code, § 2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller v. Lien, 25 Cal.App.4th 822, 830, 30 Cal.Rptr.2d 777 (1994).  An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640, *8 (S.D.Cal.2007).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may conduct the foreclosure process.  A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." Munger v. Moore, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

D.   Amended Complaint

Plaintiff will be given a final opportunity to amend his complaint to cure the deficiencies outlined by the Court.  In amending his complaint, Plaintiff is reminded that the Court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint within thirty (30) days of

1  the date of service of this order.  <u>If Plaintiff does not file an amended complaint within this time
2  frame and in accordance with this order, the Court will recommend that this action be dismissed</u>.
3         Plaintiff's complaint should be clearly titled, "Second Amended Complaint," and shall
4  refer to the case number assigned to this action.  His complaint shall comply with Rule 8.  It must
5  contain a short and plain statement of his claims and must clearly set forth the causes of action
6  alleged against Defendants.  The Court also notes that the First Amended Complaint is unsigned.
7  Local Rule 131 requires all pleadings to be signed by the party involved if that party is appearing
8  <u>in</u> <u>propia</u> <u>persona</u>.  Therefore, any amended complaint should be signed by Plaintiff.

12        IT IS SO ORDERED.
13        Dated:   **May 11, 2010**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE